**UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| A.L., a minor student, by ) | |
| Ms. L.L. , as Parent & Next Friend, ) | |
| and Each Individually, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No: |
| ) | Judge: |
| CHICAGO PUBLIC SCHOOL ) | |
| DISTRICT 299             , ) | |
| & ILLINOIS STATE BOARD OF ) | |
| EDUCATION ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES the Plaintiffs, MINOR A.L. a minor student, by Mr. & Mrs. L.L., as Parent & Next Friend, and Each Individually, and submit this Complaint against Defendants, CHICAGO PUBLIC SCHOOL DISTRICT 299 ("District") and the ILLINOIS STATE BOARD OF EDUCATION ("ISBE"), and say as follows:

**I.     INTRODUCTION & FACTUAL ALLEGATIONS**

1. This suit arises from the efforts of the Plaintiffs to enforce their rights to a free, appropriate public education ("FAPE") for A.L., a minor student with disabilities.

2. These rights are enforceable pursuant to the Individuals with Disabilities Education Act as amended[1] ("IDEA"), 20 U.S.C. § 1401 *et seq*. and related state law 23 IAC Part 226 *et seq*.

3. This suit is, *inter alia*, a partial appeal from the Decision and Order (the "Final Order") rendered in September 2009 by Impartial Hearing Officer ("IHO"),

---

1. All references are to IDEA as amended in 2004 and regulations promulgated pursuant to it unless noted.

Kristine L. Anderson, issued in Illinois State Board of Education ("ISBE") Case No. 2008-342 following a special education due process hearing pursuant to IDEA and related state law. (See Exhibit 1, Final Order) and the subsequent Clarification. This matter also requests attorneys' fees as allowed by law.

4. This suit is also an appeal of that Final Order as to the appropriate evaluation of MINOR A.L. and the appropriate program and services for MINOR A.L.

5. There was a dispute regarding eligibility, placement, and whether the District's evaluation and Individualized Education Programs ("IEPs") have been appropriate for MINOR A.L.

6. This appeal is based in part on 1) the IHO's denial of the existence of material evidence which was not admitted in the record of the hearing;

7. This appeal is also based in part on the IHO's restriction of the scope of expert testimony of several of the plaintiff's witnesses.

8. This appeal is in part also based on the IHO's failure in the Final Order to acknowledge and explain substantial testimony and material evidence that conflicted with the findings of fact and conclusions of law, as well as based on internal inconsistencies and errors of law and fact in the Final Order.

9. This is also a suit for attorneys' fees and costs because the relief received by the Plaintiffs entitles them to be deemed the "prevailing party" by this Court.

10. The hearing request in the administrative proceeding below was filed by A.L.'s parents on or about February 8, 2008.

11. The hearing took place on July 21-23, and September 14, 2009. The final Decision and Order was signed on September 24, 2009 and postmarked September 25, 2009. This is a timely appeal and request for attorney's fees.

## II. JURISDICTION & VENUE

12. This Court has jurisdiction pursuant to F.R.C.P. 65; 28 U.S.C. §1331; and 20 U.S.C. §1415( i)(2).

13. The Plaintiffs bring this action pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1401 et seq. and its Procedural Safeguards at § 20 U.S.C. § 1415, the Illinois School Code, 105 ILCS 5\14-8.02(a), and related state law.

14. Venue is proper in this Court because the acts complained of occurred in and the parties reside in and do business in the Northern District of Illinois.

## III. PARTIES

15. MINOR A.L. ("MINOR A.L.") has a birthdate of February 25, 1992; she is currently 17 years old; A.L. has language and cognitive impairments and is mildly mentally impaired. She is currently attending 11th Grade during the current 2009-2010 school year.

16. MINOR A.L. has at all times pertinent lived with her parent in Chicago, Illinois within the jurisdiction of the District.

17. MINOR A.L. has always required and been eligible for special education since she requires specially designed instruction to learn. MINOR A.L. attends Chicago Public School ("CPS") in Chicago,IL and has at all times relevant.

18. The Defendant District acts as a Local Educational Agency ("LEA") under IDEA regulations found at 34 C.F.R. Part 300 *et seq.* and related state regulations found

at 23 IAC Part 226 and is responsible for ensuring a Free Appropriate Public Education ("FAPE") for students with disabilities. 20 U.S.C. §1412(a).

19. The Defendant ISBE is a State Educational Agency ("SEA") under IDEA regulations found at 34 CFR Part 300 et seq. and related state regulations found at 23 IAC Part 224 *et seq*. and is named a party here for the sole purpose of providing a certified copy of the record of the administrative proceeding below.

## IV. OVERVIEW OF APPLICABLE LAW

**Evaluation of Full Nature & Extent of Disabilities Required**

20. The IDEA is designed to "assure that all children with disabilities have available to them...a free and appropriate public education ("FAPE") in the least restrictive environment". 20 U.S.C § 1400(c).

21. The IDEA itself has been codified in the federal regulations at 34 CFR Part 300 et seq. and the parallel state regulations at 23 IAC Section 226 et seq.

22. 23 IAC Section 226.10 states that "the requirements ...shall apply in every instance when a child is or may be eligible for special education and related services."

23. The IDEA has provisions requiring that the educational needs of a child be determined after evaluation of the full nature and extent of her disabilities to provide a rational basis for developing a specially designed program responsive to those needs. 34 CFR 300.15 and 300.301.

**Procedural Safeguards Important**

24. IDEA and its regulations contain Procedural Safeguards to ensure the rights of the parents of students with disabilities, including the right to file a due process complaint when they believe the District is violating IDEA.

25. Those Procedural Safeguards include due process rights of presenting evidence, confronting and cross-examining witnesses. 34 C.F.R. 1415 *et seq*.

26. The IDEA obligates the District to address the student's unique educational needs through an IEP if the District determines that the student meets the criteria for at least one of the categories of disabilities enumerated in the IDEA and its implementing regulations. 20 U.S.C. §1414.

**IEPs Must be Developed Cooperatively**

27. Once determined eligible, a District must provide an appropriate program and placement responsive to all of the child's unique needs.23 IAC 226.50(d).

28. To insure that disabled children receive FAPE, the IDEA requires that school districts work with parents to create an IEP which sets forth the child's educational goals.20 U.S.C. §§1401(11), 1414(d).

29. IDEA mandates mutually agreeable IEP meeting times and locations between the parents and Districts, and Illinois has emphasized that the District must "take whatever action is necessary to facilitate the parent's understanding of and participation in the proceedings at a meeting,..." under 23 IAC § 226.530.

30. IDEA Section 1414(d)(4)(A) requires that the school review the IEP at least annually "to determine whether the annual goals for the child are being achieved" and revise the IEP to address "any lack of expected progress toward the annual goals" and "the child's anticipated needs".

31. The IEP must include specific information such as a statement of the child's present levels of performance, including how the child's disability affects the child's involvement in the general education curriculum; annual goals and short term

5

objectives for improvement; a description of the specifically designed instruction and services that will enable the student to meet the goals; lack of any progress towards the goals and the extent to which the child will participate with nondisabled peers. 20 U.S.C.§1414(d).

**Right to Due Process Hearing on Issues**

32. Federal and state law provides Parents with the right to request an impartial Due Process Hearing if the parents disagree with any matter related to the identification, evaluation or educational placement of the student or provision of FAPE to the child.20 U.S.C. §1415(b)(6) & (d)(2)(j); 23 IAC 226.605.

33. IDEA's Procedural Safeguards also provide the parents of a student with disabilities the opportunity to have a due process hearing when the District refuses to pay for a requested IEE at public expense by mandating that District file a due process Complaint and prove its contention that its evaluation was appropriate.

## V. FACTS & PROCEDURAL POSTURE

34. MINOR A.L. needs special education and related services to address her disabilities. She is covered by the protections found in the IDEA and has been at all times relevant.

**Plaintiffs Requested Administrative Hearing**

35. On February 8, 2008, the original due process complaint was filed alleging that A.L. was not receiving a FAPE.

36. The ISBE appointed Kristine L. Anderson to serve as Impartial Hearing Officer ("IHO") in the case which was designated ISBE Case No. 2008-342. The IHO

has jurisdiction to hear and decide this matter pursuant to 105 ILCS 5/14-8.02(a) et. seq., and 23 Illinois Administrative Code §§226.600 et. seq.

37. The parties participated in a resolution conference on April 11, 2008, and were able to resolve some, but not all, of the issues in dispute.

38. On February 1, 2008, the Parent requested the District to approve several independent educational evaluations ("IEEs") including neuropsychological, speech and language, assistive technology and a functional vocational assessment. The District did not respond to the Parent's request either by agreeing to fund the evaluations, or by filing a due process complaint to assert that the District's evaluations were appropriate and administered properly. Nor did it make any mention of the Parent's request for an IEE in its March 7, 2008 response to the Parent's due process complaint.

39. In an April 11, 2008 resolution conference, the District agreed to conduct the speech and language including a auditory processing evaluation and an assistive technology evaluation.

40. The Hearing Officer ordered the parties to reconvene an IEP meeting and also scheduled a pre-hearing conference on April 29, 2009. That IEP meeting never occurred, primarily due to Distict's failure to provide the Parent with timely notice of potential dates. Counsel for CPS also was unprepared to participate in the April 29 pre-hearing conference. The pre-hearing conference was therefore rescheduled, and took place on May 22, 2009.

**IHO Issued Final Decision and Order**

41. During July 21-32 and September 14, 2009, the IHO conducted a four (4) day administrative proceeding or hearing.

42. On September 24th, 2009, the IHO signed the Final Order. (Included herein as Attachment 1). That relief listed in items 1 through 7 of the Order is also stated below as follows:

1. The Student's educational placement shall remain Southside School for the remainder of the 2009-10 school year. Thereafter, she shall continue to attend Southside if the team agrees that Southside is an appropriate placement for AL.

7

2. AL shall be evaluated to more fully assess her occupational therapy needs. The evaluation shall not be limited to AL's classroom needs, but must assess AL's skills relevant to her vocational needs, as well. To ensure that the evaluation includes the appropriate focus, the Parent may obtain a private evaluation to be conducted at public expense. Since Linda Kramer has provided some initial assessment information and is familiar with AL, it is preferable that Ms. Kramer complete the OT evaluation if she is available.

3. Within three weeks of this order, the parties shall convene an IEP meeting to develop an IEP for AL that takes this decision and order into account. Specifically, the IEP must include the following:
- Appropriate, measurable goals for AL that are based on input from team members, including the Parent;
- Speech and language therapy for at least 60 minutes per week. IEP goals shall take Mr. Brady's findings and recommendations into account;
- Reading instruction presented through a multisensory approach;
- A meaningful transition plan that takes into account the findings and recommendations of Mr. Boyd and Ms. Watson. To ensure that an appropriate transition plan is developed for AL, the Parent may invite either Mr. Boyd or Ms. Watson to attend the IEP meeting. The District shall reimburse the Parent's consultant for his or her time.
- To the extent that the occupational therapy evaluation can be completed in time, the IEP team shall take the evaluator's recommendations into account. Otherwise, the team shall promptly reconvene to consider the recommendations of the OT evaluation when it is completed.

4. The District is required to pay for Mr. Brady's speech and language assessment, Mr.Boyd's and Ms. Watson's functional vocational evaluations, Dr. Rosen's neuropsychological evaluation (including her time spent observing AL in the classroom), and for Ms. Kramer's initial OT assessment. The District shall also pay for Ms. Kulczyk's time spent observing Dunbar's classroom for moderate cognitively impaired students.[12]

5. The District shall reimburse Mr. Boyd, Ms. Watson and Dr. Rosen for their time spent testifying at the hearing, and for Dr. Rosen's participation at the December 11, 2008 IEP meeting.

6. Because creating and implementing an appropriate transition plan for AL is of paramount importance to her education and future success outside of school, the Parent may invite either Mr. Boyd or Ms. Watson to participate in a year-end review for AL. The District shall pay for the consultant's time.

7. As a compensatory service for CPS' failure to adequately assess and provide AL with speech and language therapy, AL shall receive private speech and language therapy at District expense. The therapy shall be provided for one hour per week, before or after school, or on weekends, for a period of one calendar year. The Parent may obtain

the services of Mr. Brady or another speech and language therapist included on ISBE's lists of approved therapists. The District shall reimburse the Parent for reasonable transportation costs to and from the provider.

**CLAIMS FOR RELIEF**

**COUNT I-**
**Partial Appeal of Due Process Decision and Order)**

43.  The Plaintiffs are aggrieved by the Due Process Order in part, within the meaning of 20 U.S.C.§ 1415(i)(2)(A). 43.  The Due Process Hearing Officer erred in not admitting relevant, material evidence proffered by Plaintiffs.

44.  The Due Process Order erred in ignoring or discounting evidence presented by the Plaintiffs regarding the inappropriateness of the District's evaluations, and A.L.'s real learning potential according to the expert neuropsychological evaluation report and testimony.

45.  The Due Process Order erred in finding that the District met its burden of proof in establishing that the auditory processing evaluation and assistive technology evaluations were appropriate. The District did not follow the legally required procedures to assist in determining the content of the child's IEP (per 34 CFR 300.304(b)(1)(ii)).

46.  The Due Process Order erred in delegating to the IEP team (run by the District's administrative staff) the right to select the remedy in the form of deciding which reading and writing program was to be chosen for the Student.

47.  The Due Process Order erred in ordering compensatory education and services based upon a mechanically quantitative, rather than a qualitative, approach which terminates after one year without regard to whether Student will have achieved the educational benefits that she would have otherwise obtained had the District provided her with a FAPE and thereby prevented the Student from being made whole for proven educational deprivations.

48. The Due Process Order erred in failing to consider the denial of FAPE due to the District's failure to provide the requisite Extended School Year Services as required in the IEP and as required by the Stay Put mandates.

## COUNT II-
### (Attorneys' Fees and Costs)

49. Plaintiffs hereby incorporate by reference the foregoing paragraphs above as if set out in full.

50. The Plaintiffs are prevailing parties because they have prevailed on at least one significant issue in their due process Complaint, pursuant to 20 U.S.C. §1415(i)(3)(B) and are entitled to an award of reasonable attorneys' fees and costs.

51. Since the Plaintiffs are "prevailing parties," the District is liable for paying the plaintiffs' reasonable attorneys' fees and costs for the due process hearing, for the Individual Education Plan meetings ordered by the IHO, and for the filing and litigation of this federal court action as authorized by 20 U.S.C.§415(i)(3)(B).

52. The District violated the procedural safeguards of the Plaintiffs under IDEA, and this bars the District from making any arguments as to the availability or amount of reimbursement of Plaintiffs' costs, including fees.

53. The ISBE violated the procedural safeguards of the Plaintiffs under IDEA and related state law, and this bars the District from making any arguments as to the availability or amount of reimbursements of Plaintiffs' costs, including fees.

## VI. PRAYER FOR RELIEF

**THEREFORE**, Plaintiffs respectfully pray that this Court enter judgment in their favor and against the Defendants as follows as to Counts 1 and 2:

(1) ORDER that the ISBE provide to the Court Clerk a certified copy of the

administrative record below in ISBE Case No. 2008-0132.

(2) FIND that the Plaintiffs are the prevailing party in this matter, and that the District violated the Plaintiffs' procedural safeguards under IDEA, and ORDER the District barred from presenting argument as to reimbursement of Plaintiffs' costs, including attorney fees,

(3) DECLARE that the Due Process Order erred in granting the IEP team the right to select the appropriate reading and writing program,

(4) DECLARE that the Due Process Order erred in limiting compensatory education to one year,

(5) DECLARE that the Due Process Order erred in finding that the District met its burden of proof in demonstrating that the District's auditory processing and assistive technology evaluations were appropriate,

(6) ORDER that the District pay for the Student to receive compensatory education and services based on meaningful goals and provide additional compensatory education,

(7) AWARD additional compensatory education to make the Plaintiffs whole for educational deprivations, loss of educational opportunity including extended school year and denial of procedural safeguards.

(8) AWARD reimbursement for reasonable attorneys' fees and costs incurred in connection with the due process proceeding, the IEP meetings ordered per the Decision and Order, and with this federal court action in an amount as determined in the discretion of this Court as authorized by 20 U.S.C. § 415(i)(3)(B), and

(9) ORDER that for their violation of procedural safeguards, the ISBE is barred from presenting argument on reimbursement of the Plaintiffs' costs, including reasonable attorney fees,

(10) ORDER the ISBE to reimburse the Plaintiffs' costs, including reasonable attorney fees, and

(11) For such other and further relief as the Court deems just and proper.

Dated: January 25, 2010

        Respectfully submitted,
        _____
        s/ Sheri L. Bianchin
        Sheri L. Bianchin, Attorney for Petitioners

        Sheri L. Bianchin
        Attorney at Law
        Lead Attorney for Petitioners
        Voice-Advocacy
        7302 Lakeside Ct.
        Frankfort, IL 60423
        ARDC No. 6208619
        (815) 469-4929
        (708)717-8393

        Joseph Daniel Thomas
        Attorney at Law as Co-counsel
        10707 N. State Road 55, Demotte, IN 46310
        ARDC No. 6212202
        312.296.8203 Fax 800.882.3714
        j.thomaslaw.thomas42@gmail.com

**UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MINOR A.L., a minor student, by Mr. and Mrs. A.L., as Parents & Next Friend, and Each Individually, <br><br>Plaintiffs, <br><br>v. <br><br>CHICAGO SCHOOL DISTRICT 299, & ILLINOIS STATE BOARD OF EDUCATION <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No: <br> Judge: |

**EXHIBIT LIST**

Exhibit 1, Final Order